# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SELDA SMITH, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-283 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is a motion to dismiss or, in the alternative, a motion for summary judgment filed by defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Dkt. 9. Plaintiff Selda Smith ("plaintiff") has not responded, and the motion will therefore be treated as unopposed.[1] After considering the motion, record, and applicable law, Wells Fargo's motion (Dkt. 9) is **GRANTED**.

## I. LAW & ANALYSIS

Wells Fargo moves to dismiss, or alternatively for summary judgment on, plaintiff's claims for breach of contract and common-law fraud, arguing that plaintiff has not sufficiently pled, nor can she present sufficient evidence, to proceed with her claims. Dkt. 9 at 6. Wells Fargo further contends that because plaintiff's substantive claims fail, she is not entitled to injunctive relief or attorneys' fees in this case. *Id.* at 17–18.

As Wells Fargo has presented certain matters outside the pleadings with its motion, the court will consider the motion under Rule 56 as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). Summary judgment is proper if "the movant shows that there is no genuine dispute as to any

---

[1] Under the Local Rules of the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." S.D. TEX. L.R. 7.4.

material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The movant bears the initial burden of informing the court of evidence, if any, that demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the movant has discharged its initial burden does the burden shift to the nonmovant to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

The court draws all inferences in favor of the nonmovant. *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). However, when the nonmovant fails to set forth specific facts, by affidavits or otherwise, to show that there is a genuine dispute for trial, summary judgment is appropriate. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992). The court will not, "in the absence of any proof, assume that the [nonmovant] could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

Plaintiff alleges two substantive claims in her original petition: (1) breach of contract, and (2) common-law fraud. Dkt. 1, Ex. 2 (original petition) at 3–4. Plaintiff further seeks attorneys' fees and injunctive relief. *Id.* at 4–6. The court will address each matter in turn.

### A.   Breach of Contract

To establish a claim for breach of contract, plaintiff must provide evidence showing (1) a valid, enforceable contract; (2) plaintiff tendered performance; (3) defendant breached the contract;

and (4) the defendant's breach caused plaintiff injury.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (citing *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).  Regarding the second element in particular, Wells Fargo presents evidence that the loan is in default and plaintiff has not tendered performance.  Dkt. 9, Ex. H.  Wells Fargo has thus met its initial summary-judgment burden by showing a lack of evidence to support an element of plaintiff's claim, and the burden shifts to plaintiff, who must go beyond the pleadings and "come forward with specific facts indicating a genuine issue for trial."  *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012).  Lacking a response from plaintiff, she fails to meet this burden, and her breach of contract claim may not proceed to trial.

### B.    *Common-Law Fraud*

To establish a common-law fraud claim, plaintiff must prove: (1) that a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker make the representation with the intent that the other party should act upon it; (5) the other party acted in reliance on the representation; and (6) the party thereby suffered injury.  *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).  Plaintiff alleges in her complaint that Wells Fargo falsely told plaintiff that it would not take any action to foreclose on the property while she was in the loan modification process.  Dkt. 1, Ex. 2 at 4.

Wells Fargo argues that because plaintiff admits in her petition that Wells Fargo allegedly made an oral promise not to foreclose inconsistent with a subsequent acceleration notice, she cannot meet the reliance element of fraud.  Dkt. 9 at 14.  Indeed, the Fifth Circuit has stated that "reliance on oral representations by customer service representatives that were contradicted by the terms of

the loan agreement and the notice of foreclosure was not reasonable as a matter of law." *Milton v. U.S. Bank Nat'l Ass'n*, 508 F. App'x 326, 330 (5th Cir. 2013) (citing *TMI, Inc. v. Brooks*, 225 S.W.3d 783, 795 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)).  Plaintiff has offered no evidence tending to show that any alleged reliance was reasonable, and thus her fraud claim fails on the merits.

### C.     *Injunctive Relief & Plaintiff's Request for Attorneys' Fees*

Under Texas law, attorneys' fees in a breach of contract action and injunctive relief depend on viable substantive claims.  *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).  Because all of plaintiff's underlying claims fail as a matter of law, her requests for injunctive relief and attorneys' fees likewise must be denied.

### D.     *Wells Fargo's Request for Attorneys' Fees*

Lastly, Wells Fargo argues that the Deed of Trust, to which the plaintiff was a party, entitles it to collect reasonable and necessary expenses in defending against this case.  Specifically, U.S. Bank argues that Section 7 of the Deed of Trust entitles it to "do and pay whatever is necessary to protect the value of the Property and Lender's rights in the property."  Dkt. 9, Ex. B at 3.  Further, "[a]ny amounts disbursed by Lender under [Section 7] shall become an additional debt of Borrower and be secured by this Security Instrument."  *Id.*

Here, all of the Texas law requirements for the recovery of attorneys' fees and costs as set out by Section 7 of the Deed of Trust have been satisfied.  *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 318 (Tex. App.—Dallas 2009, pet. denied).  It is not in dispute that plaintiff was in default on her obligations

4

under the Deed of Trust.  To prevent Wells Fargo from foreclosing on the property, plaintiff filed

this lawsuit which could have affected Wells Fargo's property lien.  Wells Fargo is therefore entitled

to recover reasonable and necessary attorneys' fees and costs incurred to defend this case.

Wells Fargo seeks $7,463.09 in attorneys' fees and costs, which it asserts are reasonable and

necessary.  Dkt. 9 at 20.  It attaches a declaration of a partner on the case who indicates that the fees

are consistent with the usual and customary fees charged in Houston for similar cases.  *Id.*, affidavit

2.  It also attaches invoices documenting the services performed, who performed them and at what

rate, when they were performed, and how much time the work required.  *Id*.  The firm's hourly rate

in this case for partner work was $350.00 per hour.  *Id*.  Its hourly rate for associates was $240.00

per hour.  *Id*.

The court finds that the rates charged by defendant's counsel are reasonable hourly rates as

compared to attorneys with similar experience in a similar market.  The court further finds that the

number of hours expended are reasonable as compared to the time and labor required to perform

similar legal services.  Accordingly, the court **GRANTS** Wells Fargo's request for attorneys' fees

and costs totaling $7,463.09.

## II. Conclusion

For the foregoing reasons, Well's Fargo's motion (Dkt. 9) is **GRANTED**.  The court will

enter a separate final judgment consistent with this order.

Signed at Houston, Texas on July 31, 2014.

_____
Gray H. Miller
United States District Judge